IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOMIKA WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:19-cv-00085-ALB |
| | ) | |
| TRANS UNION, LLC, and ASHRO, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant Trans Union LLC's Motion to Dismiss the Complaint (Doc. 14). Upon consideration, the motion is **GRANTED,** and the Complaint is **DISMISSED WITH PREJUDICE**.

### BACKGROUND

Plaintiff Tomika Walker filed this suit against Trans Union, LLC ("Trans Union") and Ashro, Inc. ("Ashro") under the Fair Credit Reporting Act ("FCRA").

The background of the suit is straightforward. In 2013, Plaintiff opened a revolving charge account with Ashro. (Doc. 1 ¶ 7). In 2014, Plaintiff filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Middle District of Alabama, Docket Number 14-30990. On July 30, 2014, Plaintiff successfully received her Chapter 7 discharge order, which included the debt from the Ashro account. *Id.* ¶ 9.

At some point afterwards, Plaintiff submitted dispute correspondence to Trans Union, alleging that the Ashro account was inaccurately depicted on her credit file. Specifically, Plaintiff argued that her credit file should show that the Ashro account was "discharged" in bankruptcy. (Doc. 1 ¶¶ 13-14). Instead, the file shows that Plaintiff generally filed for bankruptcy and received a discharge. It also shows that the Ashro account is "included in bankruptcy," that it was closed in 2014, and that is has zero balance.

The following are depictions of the relevant portions of Plaintiff's Trans Union credit report (Doc. 14-3 & Doc. 14-4):[1]

```
ALABAMA FEDERAL COURT-MONTGOMERY Docket #: 1430990 (ONE CHURCH STREET, MONTGOMERY, AL 36104, (334) 954-3800)
Date Filed:    04/18/2014         Type:            CHAPTER 7 BANKRUPTCY DISCHARGED    Court Type:       US Bankruptcy Court
Date Paid:     07/30/2014         Responsibility:  Individual Debt                    Plaintiff Attorney: MICHAEL BROCK
Date Updated:  08/07/2018
Estimated month and year that this item will be removed: 03/2024


SWISS COLONY / ASHRO              **** (1515 S 21ST ST, CLINTON, IA 52732, (800) 810-8964)
Date Opened:     10/21/2013       Balance:                                            Pay Status: >Account Included in Bankruptcy<
Responsibility:  Individual Account   Date Updated:    07/30/2014                     Date Closed: 05/03/2014
Account Type:    Revolving Account    High Balance:    $49
Loan Type:       UNSECURED
Remarks: >CHAPTER 7 BANKRUPTCY<
Estimated month and year that this item will be removed: 12/2020
```

---

[1] The Court considers these documents because they are referred to in the complaint and are central to Plaintiff's claims. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The Complaint expressly references and relies on the documents filed in her Trans Union credit file. (Doc. 1 ¶¶ 9-10, 13-14). When Trans Union attached these documents to its motion to dismiss, arguing that they could be considered without converting the motion into one for summary judgment, Plaintiff did not object. *See* Doc. 22.

Plaintiff brought claims against Trans Union under 15 U.S.C. §§ 1681e(b) and 1681i. (Doc. 1 ¶¶ 30-31, 37-38). Section 1681e(b) requires Plaintiff to plead that: (1) Trans Union published an inaccurate consumer report to a third party; (2) Trans Union failed to follow reasonable procedures to ensure the maximum possible accuracy of its reports; and (3) Trans Union's failure to follow reasonable procedures caused actual damages to the consumer. *See, e.g., Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009). Section 1681i requires Plaintiff to plead that: (1) her consumer file contains inaccurate or incomplete information; (2) Plaintiff notified Trans Union of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) Trans Union failed to respond or conduct a reasonable reinvestigation of the disputed item(s); and (5) Plaintiff sustained damages that were caused by Trans Union. *See, e.g., Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010). Plaintiff and Ashro jointly moved to dismiss her claims against it. (Doc. 16).

Trans Union filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. 14). Trans Union argues that the depiction of the Ashro account in Plaintiff's credit file is not inaccurate or misleading, which is an element of both of Plaintiff's claims. In response, Plaintiff argues that the depiction is inaccurate and misleading because it does not specify that the Ashro account was discharged in her bankruptcy.

**DISCUSSION**

The court concludes that, as a matter of law, Plaintiff cannot state a claim upon which relief may be granted under either 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i. To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

It is undisputed that an essential element of each of Plaintiff's claims against Trans Union is that the Ashro account on Plaintiff's credit file be inaccurate or misleading. But Plaintiff has not, and cannot, allege facts sufficient to establish that element. This is so for at least two reasons.

First, there is nothing false or inaccurate about Trans Union's reporting of Plaintiff's Ashro account on the face of the report. The credit file reflects that Plaintiff filed for Chapter 7 bankruptcy and received a discharge. The Ashro account states as the "pay status" "account included in bankruptcy." It includes as a "remark" "Chapter 7 Bankruptcy." It lists the account balance as zero and says the account was closed in 2014. The credit file neither suggests that the account is still open nor

that there is a balance. On the face of the file, it is plain that the account was resolved by the Chapter 7 bankruptcy discharge.

Other courts have likewise concluded that these statements are enough to identify a debt as discharged in bankruptcy. In *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 793-94 (M.D. Tenn. 2018), for example, the court similarly granted a motion to dismiss an FCPA claim when Trans Union reported "Account Included in Bankruptcy," rather than "Discharged in Bankruptcy." The court held that "[t]here was nothing false or 'inaccurate' about Macy's or Citibank reporting Blanch's accounts as included in her bankruptcy, closed, and with a zero balance." *Id. See also Giacalone v. Experian PLC*, 2013 WL 3199982, at *1 (N.D. Ill. Jun. 24, 2013). Similarly, other courts have held that a credit reporting agency can eliminate possible confusion about the status of a debt like this one by identifying the bankruptcy filing in the credit report. *See Torion v. JPMorgan Chase Bank, N.A.*, 2017 WL 2986250, at *6 (N.D. Cal. Jul. 13, 2017) ("the bankruptcy is clearly disclosed elsewhere in the credit report," "eliminat[ing] the possibility that a lender would be misled by the reporting"); *In re Experian Info. Sols. Credit Reporting Litg.*, 2017 WL 1319843, at *1 (N.D. Cal. Mar. 28, 2017) ("[The] credit reports also include a clear-cut statement up front that the debtor is in bankruptcy proceedings … so there is no basis for insisting as a matter of law that such notation accompany each line item.").

5

Second, although Plaintiff argues that a member of the public or a potential creditor could be misled by the absence of a "discharged" notation next to the Ashro account, Doc. 22 at 8, she has not and cannot plead sufficient facts to sustain that conclusory theory.² Trans Union's reporting of the Ashro account is consistent with Federal Trade Commission guidance and a class action settlement order. The Federal Trade Commission Federal Trade Commission has instructed companies like Trans Union that a "consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance to reflect that the consumer is no longer liable for the discharged debt." FED. TRADE COMM'N, 40 YEARS OF EXPERIENCE WITH THE FAIR CREDIT REPORTING ACT 68 (July 2011).³ Moreover, the court in *White v. Experian Info. Solutions, Inc.*, 8:05-cv-01070-DOC-MLF, Dkt. 338 (C.D. Cal. Aug. 19, 2008) (Doc. 14-5), approved of reporting practices like the one at issue here as a settlement for a nationwide class action. Under the order approving the class settlement in *White*, an account deemed to be included in a consumer's bankruptcy

---

² The Complaint states that the file is misleading generally, Doc. 1 ¶¶ 29, 36, and Plaintiff seeks leave to amend if necessary to assert that the file is misleading to a creditor. Doc. 22 at 8-9. For the purposes of the above discussion, the court will assume that the Complaint already asserts that the file would mislead a creditor in addition to merely asserting that the file is generally misleading.

³ Available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf (last visited July 2, 2019).

shall be coded "to indicate that the account is discharged in the Consumer's Chapter 7 bankruptcy (e.g., by use of the terminology 'included in bankruptcy') and shall update the tradeline … to reflect a zero-dollar or blank account balance and past due balance … so as to indicate that no debt is due or owing by the Consumer after the discharge date." *Id.* at §2.2b (emphasis added). Although Plaintiff may be correct that these sources are not "binding" on this court as a formalistic legal matter,[4] they nonetheless fatally undermine any conclusory allegation that an average person or a creditor would be misled by Trans Union's reporting.

Because the Plaintiff's Ashro account is not inaccurate or misleading as a matter of law, it would be futile to grant Plaintiff leave to amend. *See Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint (Doc. 14) is **GRANTED**. The Complaint is **DISMISSED WITH PREJUDICE**.

---

[4] The parties have not fully briefed the *res judicata* effect, if any, of the order approving the class settlement in *White*.

**DONE** and **ORDERED** this 3rd day of July 2019.

      /s/ Andrew L. Brasher
    ANDREW L. BRASHER
    UNITED STATES DISTRICT JUDGE